WHITEROCKS IRR. CO. v. MOOSEMAN et al.

No. 2601.   Decided August 11, 1914 (141 Pac. 459).

1. EVIDENCE—JUDICIAL NOTICE—PUBLIC LANDS.  Judicial notice is taken of the restoration, in a certain year, to the public domain of the unallotted lands of an Indian reservation.[1]  (Page 81.)

2. EMINENT DOMAIN—RIGHTS WHICH MAY BE CONDEMNED.  The right to run water through defendant's irrigation canal may be condemned, though defendants had only an easement, and the owners of the land were not parties.  (Page 81.)

Appeal from District Court, Fourth District, *Hon. A. B. Morgan,* Judge.

Action by the Whiterocks Irrigation Company against Christian Mooseman and others.

Judgment for defendants.  Plaintiff appeals.

AFFIRMED.

*Peter Hansen* and *Charles De Moisy* for appellant.

*Thomas W. O'Donnell* for respondents.

STRAUP, J.

This action was brought to set aside a judgment rendered in the Fourth Judicial District in March, 1912, in favor of the defendants and against the plaintiff, whereby defendants were awarded a perpetual right of way or easement over and through an irrigation canal of the plaintiff's and the right to enlarge and use the canal for the conveyance of water belonging to the defendants.

By the complaint in this action it, in substance, is alleged that in February, 1911, the defendants, as plaintiffs, filed an action against the plaintiff "by which they sought to have a right of way condemned through and upon the canal belonging to this plaintiff corporation, and also to enlarge said

---

[1] *Sowards* v. *Meagher,* 37 Utah 212; 108 Pac. 1112.

canal in accordance with the prayer of the complaint as filed.'' A copy of the decree is then set forth. It, after reciting that the court heard the evidence and made findings and conclusions, adjudges and decrees in accordance therewith:

"That there be and there is hereby condemned to plaintiff's use, as a canal or water course to convey water to the lands of said plaintiffs from Whiterocks river, a perpetual easement of right away upon, over, and through the canal of defendant corporation, from the dam on said Whiterocks river extending to the ditch or headgate thereof of the plaintiff which diverts said water from the canal of the defendant, along the lines thereof; said land over which said easement is sought to be obtained, and is hereby obtained, and which the plaintiffs seek to enlarge the canal thereon being as follows:''

Then follows a description of the lands over which the easement and canal extend. The decree further recites:

"That the said plaintiffs do have the right to run their water down the said defendant's canal or water course upon paying all the expenses that may necessarily be incurred in the repairing and putting in better condition the old river bed from the dam down to the head of the ditch.''

It further requires the plaintiffs in that action, the defendants herein, to pay all expenses for the enlargement of the canal and their proportional expense of maintenance and repair; and that the enlargement be made under the plaintiff's direction and at such time and in such manner as not to interfere with its rights. It is further averred that the lands over which the easement extends "lie wholly within the Indian grazing reservation,'' except three tracts which are patented Indian allotments held in severalty. It is further averred that the plaintiff, upon the application filed before the Secretary of the Interior of the United States, was granted "an easement over, through, and across said Indian grazing reservation, along the line of the ditch described in its application, and practically the same as described in the decree hereinabove set forth; that the plaintiff is not the owner in fee or otherwise of any of the lands

hereinabove described as a part of the Indian grazing reserve, and holds the same only by right of easement, which easement grants to this plaintiff only the right to use the lands described in its application for a right of way." It then is averred that because the plaintiff was not the owner in fee simple of the lands over which its easement extended, and because the real owners thereof were not made parties to that action, the court was without jurisdiction, and hence the decree rendered by it was void.

To that complaint the defendants interposed a general demurrer. It was overruled. They answered admitting that the plaintiff was granted an easement by the Government of the United States, that a decree was rendered in the first action as averred in the complaint; but they denied that the lands over which plaintiff's easement extends were reserved, and alleged that by the Act of Congress of March 3, 1905, 33 U. S. St. at L. p. 1069, the lands were wholly removed "from that class of lands reserved in the Enabling Act and in the Constitution of the State of Utah, and designated as Indian lands, and became wholly and absolutely within the jurisdiction of the Utah courts."

The case was tried to the court, who made findings and conclusions and rendered a judgment in favor of the defendants, dismissing the complaint.

The plaintiff appeals. It asserts that "the question of jurisdiction is the sole issue in this appeal." What is meant by that is as to whether the court had jurisdiction to entertain the first action and to render the judg-     **1, 2** ment which by this action is sought to be annulled and vacated. All that is shown with respect to the first action is the decree or judgment. Neither the pleadings nor the findings upon which it is based are averred or shown. We are therefore not apprised upon what the judgment sought to be vacated was based. It is claimed that the judgment is void because the lands over which plaintiff's easement extended were lands "of the Indian grazing reservation." But the court did not grant the defendants an easement over such lands or any reservation. No such nor

any lands were condemned.   All that the court did was to grant the defendants an easement over the plaintiff's easement.   The decree on its face shows that the court granted the defendants a perpetual right of way to course their waters in plaintiff's canal and for that purpose to enlarge it at their own expense without injury to the plaintiff and under its direction and supervision.   That the court had the power to grant an easement upon an easement cannot be doubted.   It is clear that the court, upon proper pleadings and findings, had the power to render the judgment which was rendered by the court, and which, by this action, is sought to be vacated.   Nothing is made to appear on the face of the judgment, nor is it otherwise made to appear, that the court was without jurisdiction.   Furthermore, it is not shown that when the judgment complained of was rendered the lands over which the plaintiff's easement extended were lands of an Indian reservation.   We judicially know that in 1905 the unallotted lands of the reservation were restored to the public domain.   *Sowards* v. *Meagher,* 37 Utah 212; 108 Pac. 1112.   But aside from that, the court having power to grant an easement upon an easement—and that is all that was done by the judgment complained of—it clearly had the power to render the kind of judgment which by this action is sought to be vacated.

Let the judgment be affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.